# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

**TREMAINE TAYLOR**   CIVIL ACTION NO. 3:17-CV-1079

**VS.**   SECTION P

   JUDGE ROBERT G. JAMES

**N. DARREL VANNOY, ET AL**   MAGISTRATE JUDGE HAYES

## REPORT AND RECOMMENDATION

Petitioner Tremaine Taylor ("Taylor") filed the instant petition for federal *habeas corpus* relief on August 25, 2017. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, where he is serving a ninety year sentence imposed by the Fourth Judicial District Court for Ouachita Parish, Louisiana, following his 2005 conviction for attempted second degree murder, armed robbery and two counts of carjacking.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

## LAW AND ANALYSIS

By this proceeding, Taylor attacks his 2005 conviction for attempted second degree murder, armed robbery and two counts of carjacking and his subsequent ninety year sentence imposed by the Fourth Judicial District Court for Ouachita Parish, Louisiana. He complains that the state was unreasonable in denying his ineffective assistance of counsel claim, he was subject to double jeopardy when given consecutive sentences for armed robbery and

carjacking from the same episode, that the trial court abused its discretion by not allowing expert testimony thereby preventing his only line of defense, and that the prosecutor committed a *Brady* violation by not turning over the 911 tape to the defense.

This court's records demonstrate that Taylor has filed a previous federal petition for writ of *habeas corpus* in which he attacked this same conviction and sentence. *Tremaine Taylor v. Louisiana State Penitentiary*, No. 6:12-cv-3057 (W.D. La. 2012). Taylor asserted the following claims for relief: (1) improper exclusion of expert testimony; (2) insufficient evidence to prove attempted second degree murder; (3) prosecutorial misconduct; (4) improper jury instruction; (5) double jeopardy; (6) trial counsel improperly waived his right to testimony; and (7) ineffective assistance of trial and appellate counsel. That petition was denied and dismissed with prejudice on October 21, 2013. *See Tremaine Taylor v. Louisiana State Penitentiary*, No. 6:12-cv-3057 at Rec. Docs. 15 and 17.

Taylor filed the instant petition for federal *habeas corpus* relief on August 25, 2017. In this petition, Taylor again seeks to attack the same conviction and sentence.

This is Taylor's second attempt to collaterally attack, in this federal Court, his Louisiana state court conviction for second degree murder, armed robbery and two counts of carjacking and his subsequent ninety year sentence imposed by the Fourth Judicial District Court for Ouachita Parish, Louisiana, which conviction and sentence were the subject of his previous federal petition. The instant action is therefore unquestionably a § 2254 action which under 28 U.S.C. § 2244 is "second or successive".[1] The claims raised herein could

---

[1] The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." " *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012)

have been raised in the previous petition.

Before a second or successive petition may be considered by this Court, Taylor must obtain authorization to file the second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A).[2] The record does not show in this case that he has received such authorization. Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Therefore, the undersigned finds that this petition should be dismissed.[3] Accordingly;

---

citing *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796 (2010). Rather, it "must be interpreted with respect to the judgment challenged." *Id. citing Magwood*, 130 S.Ct. at 2797. AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *Id. citing Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793 (2007). The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application. *Magwood*, 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.'").

The Fifth Circuit has found that "an application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

The Fifth Circuit has also found that a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

[2] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred). Under the facts and circumstances of this case, the undersigned concludes that the appropriate action for this Court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the

District Judge at the time of filing.

In Chambers, Monroe, Louisiana, on December 18th , 2017.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**